UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ESSIE MCDANIEL,<br><br>                            Plaintiff,<br>v.<br>ROBERT A. MCDONALD, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,<br><br>                            Defendant. | Case No. 2:15-cv-00003-JAD-PAL<br><br>ORDER<br><br>(IFP App – Dkt. #1) |

Plaintiff Essie McDaniel is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and she submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.     In Forma Pauperis Application (Dkt. #1).**

Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

1

the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). Plaintiff's complaint names Robert A. McDonald, the Secretary of the Department of Veterans Affairs (the "VA"), as a Defendant. As the secretary of a federal agency, Defendant McDonald is not a state actor. Plaintiff's complaint does not state a claim under 42 U.S.C. § 1983.

Rather, Plaintiff is a federal employee seeking to assert a claim under Title VII of the Civil Rights Act of 1964. Specifically, she alleges her employer, a federal agency, discriminated against her based on race, sex, and age, and retaliated against her after she filed a formal discrimination complaint. Plaintiff alleges she is an African-American woman, born in 1948. On March 11, 2014, Plaintiff applied for the position of Supervisory Human Resources

2

Specialist, and she was not interviewed or contacted about her application until she received notification that she had not been selected. Plaintiff alleges that she has worked in the human resources field for over twenty years, including sixteen years with the VA, and has worked in a supervisory capacity.

Additionally, on April 25, 2014, she was not selected for the Human Resources Specialist position she applied for with the VA, despite the fact that she had previously worked in that position for two years. Despite her qualifications, she was not interviewed or contacted except to inform her she had not been selected to fill the position.

Plaintiff has attached a letter from the VA's Office of Resolution Management, which provides that Plaintiff initiated contact with an EEO counselor on April 15, 2014, and counseling concluded June 24, 2014, when Plaintiff was mailed a Notice of Right to File Discrimination Complaint. On June 27, 2014, Plaintiff filed a formal complaint of discrimination. Plaintiff alleges she did not receive a copy of the investigative file from the VA's Office of Employment Discrimination Complaint Adjudication within 180 days, and instead, she filed this action.

In 1972, Congress amended Title VII to extend its coverage to federal employees. *See Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch,* 572 F.3d 1039, 1043 (9th Cir. 2009) (citing 42 U.S.C. § 2000e-16 and *Brown v. Gen. Svs. Admin.,* 425 U.S. 820, 829-30 (1976)). Like their private sector counterparts, however, an aggrieved federal employee must "seek relief in the agency that has allegedly discriminated against [her]" before filing a civil lawsuit in federal district court. *Id.* (citing *Brown,* 425 U.S. at 832, and 42 U.S.C. § 2000e-16(c)). Specifically, the federal employee must consult a counselor prior to filing a complaint to attempt to informally resolve the matter within forty-five days of the alleged discriminatory matter. *Id.* (citing 29 C.F.R. § 1614.105(a)). The Ninth Circuit has held that although the pre-filing exhaustion regulation "does not carry the full weight of statutory authority" and is not a jurisdictional prerequisite to sue in federal court, failure to timely consult a counselor, absent waiver, estoppel, or equitable tolling is "fatal to a federal employee's discrimination claim in federal court." *Id.* (citing, among others, *Lyons v. England,* 307 F.3d 1092, 1105 (9th Cir. 2002)). Here, Plaintiff alleges she met with an EEO counselor on April 15, 2014, within forty-

1 five days of receiving notice she did not receive the Supervisory HR Specialist position on
2 March 11, 2014, and before she was notified on April 25, 2014, that she had not received the HR
3 Specialist position. Additionally, Plaintiff waited more than the required 180 days before filing
4 her complaint in federal court as required by 29 C.F.R. § 1614.407. Accordingly, it appears she
5 has exhausted her administrative remedies.

6 Title VII allows a plaintiff to sue an employer for discrimination on the basis of race,
7 color, religion, gender or national origin, but it limits liability to an employer. *See* 42 U.S.C.
8 § 2000e(b). An individual cannot be held liable under Title VII. *See Miller v. Maxwell's*
9 *Internat'l, Inc.,* 991 F.2d 583, 578 (9th Cir. 1993). In order to state a Title VII discrimination
10 claim, Plaintiff must allege that: (a) she belonged to a protected class; (b) she was qualified for
11 her job; (c) she was subjected to an adverse employment action; and (d) similarly situated
12 employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447
13 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.
14 2002)). *See* 42 U.S.C. § 2000e-3(e). Here, Plaintiff has alleged that she is a member of two
15 protected classes as an African-American and woman. She has alleged that she was qualified for
16 her job, and that she suffered adverse employment actions when she was denied the positions for
17 which she applied. *See Burlington v. Ellerth,* 524 U.S. 742, 761 (1998) (adverse employment
18 action includes "significant change in employment status," such as failing to promote).
19 However, Plaintiff has not alleged that similarly-situated employees who were not African-
20 American or women received more favorable treatment. Plaintiff's Title VII disparate treatment
21 claim will be dismissed with leave to amend.

22 In order to state a claim for retaliation under Title VII, Plaintiff must allege: (1) that she
23 committed a protected act, such as complaining about discriminatory practices; (2) that she
24 suffered some sort of adverse employment action; and (3) the protected activity was the "but-for"
25 cause of the adverse employment action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar,* -- U.S. --,
26 133 S. Ct. 2517, 2521 (June 24, 2013); *Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94 (9th Cir.
27 2008). Here, Plaintiff alleges she was not hired for a supervisory position after and because she
28 reported discrimination to an EEO counselor. Under Title VII, where an employee opposes an

4

1 unlawful practice, he or she has engaged in a protected activity. Plaintiff has stated a retaliation
2 claim under Title VII for screening purposes.

3 Plaintiff also alleges she was discriminated against because of her age. This claim arises
4 under the Age Discrimination and Employment Act (the "ADEA"), 29 U.S.C. §§ et seq.; s*ee* 29
5 U.S.C. § 623(a) (stating that it is unlawful for an employer to discharge an individual between
6 the ages of forty and seventy based on that individual's age). In *Gomez-Perez v. Potter,* the
7 Supreme Court held that the ADEA's prohibition against age-based discrimination applies to
8 federal employees. *See* 533 U.S. 474, 479 (2008).

9 In the Ninth Circuit, the criteria for claims under Title VII apply to claims of disparate
10 treatment under the ADEA. *See Metoyer v. Chassman,* 504 F.3d 919, 930 (9th Cir. 2007) (citing
11 *Fonseca v. Sysco Food Servs. of Ariz., Inc.,* 374 F.3d 840, 850 (9th Cir. 2004)). Thus, in order to
12 state a failure-to-hire/promote disparate treatment claim under the ADEA, Plaintiff must allege:
13 (a) that she is a member of a protected class; (b) she was qualified for the position; (c) despite
14 her qualifications, she was denied the position; and (d) subsequently, the position was filled by
15 someone younger than Plaintiff. *See generally McDonnell Douglas*, 411 U.S. 792, 802 (1973);
16 *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 142 (2000). Plaintiff alleges she
17 was born in 1948, and therefore, she is a member of the class protected by the ADEA. She has
18 also alleged she was qualified for the positions she sought and that she was not selected for them.
19 However, she has not alleged that the positions were filled by someone younger, and as a result,
20 she has not stated an ADEA claim. The court will also dismiss this claim with leave to amend.

21 The court will allow Plaintiff leave to amend if she believes he can cure the deficiencies
22 in her Title VII disparate treatment and/or ADEA claims. The court will direct the Clerk to file
23 the complaint but will allow Plaintiff thirty days to file her amended complaint, if she chooses to
24 do so. If she does, the court will screen the amended complaint and direct service if appropriate.

25 If Plaintiff elects to proceed in this action by filing an amended complaint, she is advised
26 that the court cannot refer to a prior pleading in order to make an amended complaint complete.
27 Local Rule 15-1 requires that an amended complaint be complete in itself without reference to
28 any prior pleading. This is because, as a general rule, an amended complaint supersedes the

original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. In other words, Plaintiff must re-allege her Title VII retaliation claim in the amended complaint, should she choose to file one, for that claim to remain pending before the court.

If Plaintiff chooses not to file an amended complaint, the court will direct service of the Title VII retaliation claim as alleged in the original complaint after the deadline to amend has expired.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the complaint but shall not issue summons.

4. Plaintiff shall have until **April 20, 2015**, to file an amended complaint, if she believes she can correct the noted deficiencies. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

5. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" below the case number, **2:15-cv-00003-JAD-PAL**, on page 1 in the caption.

/ / /

/ / /

/ / /

/ / /

6. If Plaintiff chooses not to file an amended complaint, the court will direct service of the Title VII retaliation claim in the original complaint once the deadline to amend has expired.

Dated this 20th day of March, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE