UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ESSIE MCDANIEL, | Case No. 2:15-cv-00003-JAD-PAL |
| Plaintiff, | ORDER |
| v. | (IFP App – Dkt. #1) |
| ROBERT A. MCDONALD, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, | (Mtn to Continue Civil Case with Magistrate Judge – Dkt. #3) |
| Defendant. | (Mtn to Appoint Counsel – Dkt. #4) |

Plaintiff Essie McDaniel is proceeding in this action *pro se* and *in forma pauperis*. On March 20, 2015, the Court entered an Order (Dkt. #5) approving Ms. McDaniel's Application to Proceed In Forma Pauperis (Dkt. #1) and screening her Complaint (Dkt. #1-2) pursuant to 28 U.S.C. § 1915. The Court found Ms. McDaniel's Complaint stated a claim for retaliation under Title VII of the Civil Rights Act of 1964 against Defendant Robert A. McDonald, Secretary of the Department of Veterans Affairs. The Court dismissed the remainder of her claims with leave to amend. Ms. McDaniel was allowed thirty days, or until April 20, 2015, to file an amended complaint if she believed she could cure the deficiencies noted in the Court's Order. The Order stated that the Court would either screen her amended complaint or direct service of the original Complaint after the April 20, 2015, deadline had expired. Ms. McDaniel has not filed an amended complaint or requested an extension of time in which to do so. Therefore, the Court will now direct issuance of summons and service of the original Complaint.

I.     **MOTION TO CONTINUE CIVIL CASE WITH MAGISTRATE JUDGE (DKT. #3)**

Ms. McDaniel requests that Magistrate Judge George Foley Jr. continue hearing this case as entered on January 2, 2015. *See* Notice (Dkt. #2) (assigning this case to the Early Neutral Evaluation Program pursuant to Local Rule 16-6 and appointing Magistrate Judge Foley as the

1

evaluating judge).  Local Rule 16-6 provides that "[a]ll employment discrimination actions filed in this Court must undergo early neutral evaluation as defined by this Rule.  The purpose of the early neutral evaluation session is for the *evaluating* magistrate judge to give the parties a candid evaluation of the merits of their claims and defenses." (emphasis added).  The undersigned was randomly assigned as the magistrate judge when this case was initially filed. The rule referring employment cases to the early neutral evaluation program does not alter the case assignment of the magistrate judge or district judge randomly assigned when a case is filed.  A different magistrate judge is appointed for the sole purpose of conducting an early neutral evaluation so that the parties may have a full and frank discussion about their case before a judge who will not be deciding contested matters.  In short, Magistrate Judge Foley will be the judge conducting the early neutral evaluation. [1]  I am the magistrate judge originally assigned for all other purposes and will remain as the magistrate judge on this case if it is not resolved at the early neutral evaluation.

The motion also asks that Supervisory Administrative Judge Diane A. Gross "be removed as the hearing official".   Plaintiff is advised that District Judge Jennifer A. Dorsey and I are the only two judges assigned to this case.  Judge Gross is not a judge of this court and will not be making decisions in this federal lawsuit.

**II.     MOTION TO APPOINT COUNSEL (DKT. #4)**

In Title VII employment discrimination actions, the remedies and procedures available to a plaintiff include the appointment of counsel.  Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs or security." The purpose behind Title VII's provision for appointment of counsel is to provide "a last resort to prospective plaintiffs who cannot otherwise secure representation." *Gonzales v. Postmaster Gen. of U.S.*, 682 F. Supp. 40, 41 (N.D. Cal. 1988) (citing 42 U.S.C. § 2000e–5(f)(1)).  The Ninth Circuit has instructed district

---

[1] The Court cautions, however, that any documents or files submitted to Magistrate Judge Foley must follow the procedure set forth in Local Rule 16-6(f) regarding evaluation statements.

1  courts to assess the following three factors in exercising its discretion as to whether to appoint
2  counsel in a Title VII case: (1) whether the plaintiff financially is able to retain counsel; (2)
3  whether the plaintiff has made a reasonably diligent effort under the circumstances to obtain
4  counsel; and (3) whether the plaintiff's claim has potential merit. *See, e.g.*, *Bradshaw v.*
5  *Zoological Society of San Diego*, 662 F.2d 1301, 1318–20 (9th Cir. 1981).

6  Applying the *Bradshaw* criteria, Ms. McDaniel's case does not merit the appointment of
7  counsel at this time. Ms. McDaniel notes that the Court has already approved her application to
8  proceed in forma pauperis. However, the only other basis for her request is that she is a "retiree
9  of the federal government with more than 20 years of service." Motion (Dkt. #4) at 2. Ms.
10 McDaniel has not indicated what, if any, efforts she has made to obtain counsel, which includes
11 seeking representation on a pro bono or contingency basis. In addition, although the court has
12 found Plaintiff has stated a Title VII retaliation claim for screening purposes she has not
13 established that she is likely to succeed on the merits. Therefore, Ms. McDaniel's request for an
14 appointment of counsel is denied without prejudice.

15 Accordingly,

16 **IT IS ORDERED:**

17 1. The Clerk of the Court shall issue summons to Summons to Defendant Robert A.
18    McDonald, Secretary of the Department of Veterans Affairs.

19 2. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be
20    accomplished within 120 days from the date this order is entered. Plaintiff Essie
21    McDaniel is advised to carefully review Rule 4(i) of the Federal Rules of Civil
22    Procedure which outlines how to properly serve the United States, its agencies
23    officers, or employees.

24 3. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance
25    has been entered by counsel, upon the attorney(s), a copy of every pleading
26    motion or other document submitted for consideration by the court. Plaintiff shall
27    include with the original papers submitted for filing a certificate stating the date
28    that a true and correct copy of the document was mailed to the Defendant or

counsel for the Defendant. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

4. Plaintiff Essie McDaniel's Motion to Continue Civil Case with Magistrate Judge (Dkt. #3) is DENIED to the extent it requests that Magistrate Judge Foley be reassigned to this case for matters outside of the early neutral evaluation.

5. Plaintiff Essie McDaniel's Motion to Appoint Counsel (Dkt. #4) is DENIED without prejudice.

Dated this 8th day of May, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE