UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Essie McDaniel,<br><br>  Plaintiff<br><br>v.<br><br>Robert A. McDonald, Secretary, United States Dept. of Veterans Affairs,<br><br>  Defendant | 2:15-cv-0003-JAD-GWF<br><br>**Order Denying Motions and Directing Plaintiff to Complete Service by 11/3/15 to Avoid Dismissal of this Case**<br><br>[ECF 10, 13, 14] |

Pro se plaintiff Essie McDaniel sues V.A. Secretary Robert A. McDonald in his official capacity for retaliating against her—in violation of Title VII—after she reported discrimination to an EEO counselor while she was employed as a Human Resources Specialist with the VA.[1] In a May 11, 2015, order, the court directed that summons be issued for McDonald and advised McDaniel that she had 120 days to effectuate service of process.[2] The court cautioned: "Plaintiff Essie McDaniel is advised to carefully review Rule 4(i) of the Federal Rules of Civil Procedure[,] which outlines how to properly serve the United States, its agencies, officers, or employees."[3] McDaniel filed a motion for summary judgment on August 26, 2015, and claims that she mailed that motion—along with the summons and complaint—to McDonald at his office address.[4] She also seeks a default judgment because no opposition to her motion for summary judgment has been filed.[5]

---

[1] ECF 5 (Screening Order).

[2] ECF 7 at 3.

[3] *Id.*

[4] On September 21, 2015, McDaniel filed a "Proof of Service" that indicates "The Summons and Motion for Summary Judgment were mailed certified through the United States Post Office on August 26, 2015." ECF 12. She contends in her opposition to the motion to dismiss that she also included the complaint in that mailing. ECF 16.

[5] ECF 13.

McDonald moves to dismiss this action.[6] He contends that process has not been properly served because McDaniel's proof of service reflects that the complaint was not served with the summons and McDaniel failed to serve the United States Attorney as Rule 4(i) also requires.[7] McDaniel opposes the motion, arguing that she included the complaint in her certified mailing—but she inadvertently omitted that fact from her certificate of service.[8] She says nothing of her failure to serve the U.S. Attorney.

Even if McDaniel included a copy of the complaint in her August 26th mailing to McDonald, service remains only half complete. Rule 4(i)(2) required McDaniel to serve *both* McDonald *and the United States by serving the U.S. Attorney's office.*[9] I deny the motion to dismiss without prejudice and give McDaniel **until November 3, 2015,** to (1) complete service of the summons and complaint on the United States using the procedures described in Rule 4(i)(1) and (2) file proof of service detailing when and how service on McDonald and the United States was completed (and listing which documents were provided). McDaniel's motions for summary judgment and for a default judgment are denied.

**Discussion**

**A.     McDonald's Motion to Dismiss**

A suit against a federal employee in his official capacity essentially is a suit against the United States.[10] When a federal employee is sued in his official capacity, the plaintiff must serve him by sending him a copy of the summons and complaint by registered or certified mail, *plus* the plaintiff must "serve the United States."[11] Rule 4(i)(1) dictates that service is effectuated upon the United States by (1) delivering a copy of the summons and complaint to the United States Attorney

---

[6] ECF 14.

[7] *Id.*

[8] ECF 16.

[9] Fed. R. Civ. P. 4(i)(2).

[10] *Dugan v. Rank*, 372 U.S. 609 (1963).

[11] Fed. R. Civ. P. 4(i)(2).

for the district in which the action is brought and (2) mailing a copy of the summons and complaint to the Attorney General of the United States in Washington, D.C. as further set forth in the Rule. Rule 4(l) requires the plaintiff to provide timely proof that service has been completed.[12]

Accepting the plaintiff's representation that she served McDonald with the summons and complaint,[13] service is still incomplete. Plaintiff has not demonstrated that she served the United States as Rule 4(i)(1) and (2) require. Federal Rule of Civil Procedure 4(m) states, "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." As the Ninth Circuit explained in *Mann v. American Airlines*, "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120–day period."[14]

Although McDonald urges that I dismiss this case because McDaniel was cautioned to carefully follow the rule, I find that a reasonable period of additional time to cure this defect fosters justice in this case. So I will give McDaniel until November 3, 2015, to (1) complete service of the summons and complaint on the United States using the procedures described in Rule 4(i)(1) and (2) file an affidavit or declaration of service detailing when and how service on McDonald and the United States was effectuated (and listing which documents were served). If McDaniel does not complete service and file proof of that service by November 3, 2015, this case will be dismissed without prejudice under FRCP 4(m).

McDaniel is cautioned that her pro se status will not be considered an excuse or justification for future failures to comply with the rules of this court. She is not relieved of her obligation to comply with the rules and procedures of this court simply because she has not retained, or cannot afford to retain, an attorney to represent her. The Ninth Circuit has repeatedly held that pro se

---

[12] Fed. R. Civ. P. 4(l).

[13] ECF 16.

[14] *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

litigants are bound by the rules just like a represented party, and they will not be treated more favorably or leniently than parties who hire counsel.[15]

**B.     Other Pending Motions**

There are two other pending motions—McDaniel's motion for summary judgment and her motion for default judgment. I deny the motion for default judgment because McDonald has not yet been properly served. Rule 55, the default-judgment rule, only permits default and a default judgment to be entered against a defendant who has been properly served but failed to respond.[16] McDonald does not qualify as such a defendant. I deny McDaniel's motion for summary judgment without prejudice to its refiling at a later time because there is yet no defendant in this case and judicial economy and fairness dictate that the motion be denied at this time. McDaniel is cautioned that, if she desires to refile the motion in the future, all exhibits must be properly authenticated because the court may only consider properly authenticated, admissible evidence on summary judgment.[17] She is also advised that the motion should be directed to the district judge, not the magistrate judge, and that the applicable procedural rule is Rule 56 of the Federal Rules of Civil Procedure, not 29 CFR 1614.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that McDaniel's Motion for Summary Judgment **[ECF 10] is DENIED** without prejudice to its refiling at an appropriate, later time;

IT IS FURTHER ORDERED that McDaniel's Motion for Default Judgment **[ECF 13] is DENIED**;

---

[15] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

[16] *See, e.g.*, Fed. R. Civ. P. 55(a).

[17] *Bank of Am. v. Orr*, 285 F.3d 764, 773–74 (9th Cir. 2002) (holding that a court considers only properly authenticated, admissible evidence in deciding a motion for summary judgment and explaining procedures for authenticating exhibits so the court may properly consider them on summary judgment).

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss **[ECF 14] is DENIED** without prejudice.  **McDaniel has until November 3, 2015, to**:

(1) **complete service** of the summons and complaint on the United States using the procedures described in Rule 4(i)(1), **and**

(2) **file an affidavit or declaration of service** detailing when and how service on McDonald and the United States was effectuated (and listing which documents were served).

**If McDaniel does not complete service and file proof of that service by November 3, 2015, this case will be automatically dismissed without prejudice under FRCP 4(m).**

Dated this 14th day of October, 2015

_____
Jennifer A. Dorsey
United States District Judge