UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Essie McDaniel, <br><br>　　　　Plaintiff <br><br> v. <br><br> Secretary Robert A. McDonald, <br><br>　　　　Defendant | 2:15-cv-00003-JAD-PAL <br><br> **Order Denying Plaintiff's Motion for Summary Judgment and Motion for Leave to Amend** <br><br> [ECF Nos. 26, 50] |

　　　Pro se plaintiff Essie McDaniel sues Veterans Affairs Secretary Robert A. McDonald in his official capacity for retaliating against her—in violation of Title VII—after she reported discrimination to an EEO counselor while she was employed as a Human Resources Specialist with the VA. McDaniel moves for summary judgment and for leave to amend her complaint. Because she has failed to make the required showing for either request, I deny her motions.[1]

**Discussion**

**A.　Motion for summary judgment**

　　　I denied McDaniel's previous motion for summary judgment (and motion for default judgment) because McDonald had not yet been properly served. In doing so, I cautioned McDaniel that, if she chose to re-file her summary-judgment motion, the applicable procedural rule is Rule 56 of the Federal Rules of Civil Procedure, not 29 CFR 1614.[2]

　　　McDaniel again moves for summary judgment, requesting that the court find that she has made "a prima facie case of illegal discrimination practice of reprisal with regard to her non-selection for the two vacancies at issue in this matter."[3] She provides a list of facts, which she claims are "undisputed" and entitle her to relief under federal criminal perjury statutes, the Civil Service

---

[1] I find these motions suitable for disposition without oral argument. L.R. 78-1.

[2] ECF No. 18 at 4.

[3] *Id.* at 1.

Reform Act, the EEOC, the "MSPB," 29 CFR 1614, and FRCP 56(d).[4]  She provides no argument or law to support her contention that these "undisputed facts" entitle her to summary judgment under FRCP 56(d), nor does she provide the applicable standard for her Title VII claim or any argument to show that she has met it.  She appears to argue that the interviewers for the job that she was not selected for made contradictory statements.[5]  This is wholly insufficient to entitle McDaniel to summary judgment, even on the limited issue of whether she has made a prima facie showing of retaliation.

I therefore deny McDaniel's motion for summary judgment without prejudice.  If McDaniel chooses to refile her motion, she should keep the standards governing her Title VII retaliation claim in mind.  To establish a prima facie case of retaliation, McDaniel must show that: (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her protected activity and the adverse employment action.[6]  If McDaniel makes this showing, the burden then shifts to McDonald to articulate a legitimate, non-retaliatory reason for the department's actions.[7]  If McDonald offers a non-retaliatory explanation, McDaniel "bears the ultimate burden of submitting evidence indicating that the [department's] proffered reason is merely a pretext for a retaliatory motive."[8]

**B.    Motion for leave to amend**

McDaniel requests leave to amend her complaint to add "significant factual and procedural developments that have occurred since the original complaint filed."[9]  She then recites the additional facts that she wishes to include in her amendment.  I deny McDaniel's motion for leave to amend

---

[4] *Id.* at 10–12.

[5] ECF No. 26 at 2–9.

[6] *Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir. 2007).

[7] *Porter v. California Dept. of Corrections*, 419 F.3d 885, 894 (9th Cir. 2004).

[8] *Id.*

[9] ECF No. 50 at 1.

without prejudice.  McDaniel is cautioned that, if she chooses to file a new motion for leave to amend, she must comply with Local Rule 15-1 and attach the proposed amended complaint to the motion.  The proposed amended complaint must be complete in and of itself without reference to the initial complaint.  Thus, McDaniel cannot simply indicate which allegations she wishes to add; she must incorporate these amendments into her proposed amended complaint so that it is complete in itself.

McDaniel is also cautioned that, because the deadline for amendment has passed,[10] she will need to show both good cause to reopen the amendment period and excusable neglect for the delay.[11]  Courts consider four factors when ruling on a motion for leave to amend after the deadline for amendment in the scheduling order has passed: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and potential impact on judicial proceedings; (3) the reason for the delay; including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith."[12]  Additionally, leave to amend will be denied if the proposed amendment would be futile.[13]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that McDaniel's motion for summary judgment and motion for leave to amend **[ECF Nos. 26, 50] are DENIED.**

Dated this 19th day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[10] The deadline to amend pleadings was December 1, 2016.  ECF No. 40.  McDaniel filed her motion for leave to amend on December 13, 2016.

[11] *See* FED. R. CIV. PROC. 6(b)(1)(B).

[12] *Pioneer Inv., Servs., Co. v. Brunswick Assocs., Ltd., P'ship*, 507 U.S. 380, 395 (1993).

[13] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).