# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Essie McDaniel,

    Plaintiff

v.

David J. Shulkin, Secretary of the United States Department of Veterans Affairs,

    Defendant

2:15-cv-00003-JAD-PAL

**Order Granting Summary Judgment for Shulkin, Denying Motion for Sanctions, and Closing Case**

[ECF Nos. 67, 70, 72]

    Pro se plaintiff Essie McDaniel sues Secretary of Veterans Affairs David Shulkin[1] (VA) for retaliation in violation of Title VII because she wasn't hired for either of two human-resources positions that she applied for. She alleges that the VA excluded her as a candidate because she filed discrimination complaints against it with the Equal Employment Opportunity Commission (EEOC) during her earlier employment with the department. But McDaniel fails to show a causal link between her EEOC complaints and her non-selection, so I grant the VA's motion for summary judgment and deny McDaniel's.[2]

## Background

    McDaniel used to work for the VA's Southern Nevada Healthcare System.[3] She began working as a Human Resources Specialist in January 2009.[4] In March 2011, McDaniel filed a

---

[1] Secretary Robert A. McDonald was originally named as the defendant, but he has been automatically substituted out for his successor, Shulkin. *See* FED. R. CIV. P. 25(d) (allowing automatic substitution of successor to public officer who is party to action but ceases to hold office while action is pending).

[2] I find these matters suitable for disposition without oral argument. L.R. 78-1.

[3] ECF No. 72-1 at 2, ¶ 2.

[4] *Id.*

workplace-discrimination complaint with the EEOC,[5] and then she voluntarily retired three months later.[6]

At some point in early 2013, the VA posted a job opportunity in human resources that allowed current and former VA employees to be considered.[7] Apparently wanting to come out of retirement, McDaniel applied for the position on April 4, 2013.[8] But the posting was canceled the next day,[9] and when it was re-posted on May 17, 2013, the scope of consideration narrowed to current VA employees only—making McDaniel ineligible.[10] One week later, McDaniel filed another EEOC complaint alleging discrimination based on reprisal.[11]

From January to February 2014 the VA posted two more job opportunities—a human-resources specialist and a supervisory human-resources specialist.[12] McDaniel threw her hat in the ring for both positions.[13] The VA screened the applicants for each position and divided the qualified candidates into two lists: internal candidates and external candidates.[14] The VA deemed McDaniel qualified for each position, and she was placed on the external-candidate

---

[5] *Id.* at ¶ 3.

[6] *Id.* at 3, ¶ 4; *see also* ECF No. 70-1 at 67.

[7] ECF No. 72-5 at 4–5.

[8] *Id.* at 6.

[9] *Id.*

[10] *Id.* at 4–5.

[11] *Id.*

[12] ECF No. 72-1 at 3, ¶¶ 5–6.

[13] *Id.* at ¶ 7.

[14] *Id.* at ¶¶ 8–10.

lists.[15] For each position, the VA interviewed applicants from the internal-candidate list first.[16] Because the positions were filled by internal candidates, no external candidates were interviewed—including McDaniel.[17]

After exhausting administrative remedies with the EEOC, McDaniel filed this lawsuit, alleging discrimination based on race, age, sex, and reprisal.[18] Magistrate Judge Peggy Leen screened her complaint and dismissed her race-, age-, and sex-discrimination claims, but Judge Leen gave McDaniel leave to amend her complaint so that she could allege more facts to support those claims.[19] McDaniel did not amend her complaint. Instead, she spent the next 21 months moving twice for summary judgment before discovery closed.[20]

On December 13, 2016, McDaniel moved for leave to amend her complaint to allege facts to support her various discrimination claims. But McDaniel's motion did not comply with the local rules and was 20 months too late, so I denied it.[21] I did, however, deny it without prejudice to her ability to refile it if she could show good cause and excusable neglect for failing to amend the complaint following Judge Leen's order.[22] McDaniel did not try to amend again.[23] So McDaniel's sole remaining claim is that the VA retaliated against her by not hiring her because she filed multiple EEOC complaints, and both parties now move for summary judgment on this claim

---

[15] *Id.* at ¶ 11.

[16] *Id.* at ¶ 12.

[17] ECF No. 72-3 at 3–4, ¶¶ 8–11.

[18] ECF Nos. 1-1, 6.

[19] ECF No. 5.

[20] *See generally* docket report case no. 2:15-cv-00003-JAD-PAL.

[21] ECF No. 52.

[22] *Id.* at 3.

[23] *See generally* docket report case no. 2:15-cv-00003-JAD-PAL.

## Discussion

**A. Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[24] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[25] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[26]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[27] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[28]

**B. The VA's challenges to McDaniel's evidentiary offerings**

The VA argues in its reply that all nine of McDaniel's opposition-supporting "exhibits are unauthenticated and hearsay and therefore inadmissible."[29] And, the VA urges, because McDaniel "offers only inadmissible evidence in an effort to defeat [VA's] summary[-]judgment motion, the assertions in support of [the VA's] arguments stand unrefuted and warrant a

---

[24] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[25] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[26] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[28] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[29] ECF No. 81 at 2.

summary[-]judgment ruling in [the VA's] favor."[30] But I need not decide today whether McDaniel's evidence is worthy of consideration because even if I take all of her exhibits into account, I find that no genuine issues of material fact exist to preclude me from granting summary judgment in the VA's favor on McDaniel's sole-remaining retaliation claim.

## C. Title VII retaliation

Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[31] Title VII also makes it unlawful "for an employer to discriminate against any of [its] employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter."[32] "To make out a prima facie case of [Title VII] retaliation, an employee must show that (1) [s]he engaged in a protected activity; (2) [her] employer subjected [her] to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action."[33] "Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . . This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."[34]

There are three links in McDaniel's retaliation-claim chain. First, she filed a workplace-discrimination claim with the EEOC against the VA back in 2011. Next, she filed a retaliation claim with the EEOC against the VA in 2013, alleging that she was discriminated against for filing her 2011 EEOC complaint when she was excluded from candidacy for a human-resources

---

[30] *Id.*

[31] 42 U.S.C. § 2000e-2(a)(1) (2012).

[32] 42 U.S.C. § 2000e-3(a) (2012).

[33] *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994)).

[34] *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

job posting that was cancelled and re-posted. And finally, she now alleges that she was not hired for one of the two human-resources-coordinator positions that she applied for because of her two prior EEOC complaints against the VA. Basically, McDaniel connects her retaliation claims to her initial 2011 EEOC complaint, which made a charge of workplace-discrimination against the VA.

The VA does not deny that McDaniel's EEOC complaints were Title VII protected activities or that she was subject to an adverse employment action by not being selected for either position. It argues, however, that McDaniel fails to present a prima facie case because she "cannot satisfy the causation prong of the test for retaliation."[35] I agree. The VA offers sworn testimony from multiple employees involved in the hiring process, stating that they were completely unaware that McDaniel had even applied for the positions because candidates were hired before they got to the point of even considering her application.[36] The VA's hiring team could not have retaliated against McDaniel if they didn't know she applied.[37]

McDaniel argues that, viewing a few of her exhibits together, there's a discrepancy that "shows management being deceptive in changing documents,"[38] and she asks me to discredit and disregard their testimony. These complimentary exhibits are: (1) the EEOC Investigator's report

---

[35] ECF No. 72 at 8.

[36] ECF Nos. 72-1 at 4, ¶ 12; 72-2 at 2, ¶ 9; 72-3 at 3–4, ¶¶ 8–11; 72-4 at 12:13–13:1.

[37] *See, e.g.*, *Duncan v. Wash. Metro. Area Transit Auth.*, 425 F. Supp. 2d 121, 130 (D.D.C. 2006) ("If [the employer] did not know that [Plaintiff] had applied for the job, it follows as a matter of simple logic that [Plaintiff's] protected activity could not have factored into the decision to hire someone else."); *Perugini v. Stryker Orthopaedics*, 2009 WL 3254492 at *3 (D. Conn. Oct. 6, 2009) ("The primary obstacle to [Plaintiff's] claims of retaliation is that there is no genuine dispute that Mr. Moutinho—the sole decision maker here—ever knew [Plaintiff] had applied for the position. In fact, Mr. Moutinho testified that since he had identified two qualified internal candidates early on in the hiring process, he never considered or even looked at the applications from any external candidates. Without some evidence that Mr. Moutinho even knew that [Plaintiff] had applied for the job, [Plaintiff's] efforts to attribute retaliatory animus to Mr. Moutinho are unavailing.").

[38] ECF No. 77 at 3.

describing a "Tab C 22" as a referral list of candidates including three external candidates (none of whom is Essie McDaniel) and three internal candidates; (2) a referral list including the same three internal candidates; and (3) a referral list including the same three internal candidates plus the selected candidate, Frank Erwin.[39]

These exhibits do not discredit the VA employees' sworn testimony. Also on the referral lists—but apparently missing from the EEOC Investigator's report—are six more external candidates, including Essie McDaniel.[40] And the EEOC investigator received a separate referral list specifically for Frank Erwin.[41] Whatever differences there are between the EEOC investigator's document descriptions and the referral lists themselves simply do not show that "management [is] being deceptive." McDaniel also offers exhibits of the interview notes taken by the VA's hiring team.[42] Both of the candidates in these interviews were internal candidates, which further supports the VA's sworn testimony that a selection was made before anyone was even aware that McDaniel had applied.

McDaniel simply fails to show that there is a genuine issue that the VA's hiring managers did not know about her application. And if the VA did not know about her application, it could not have retaliated against her. McDaniel's evidentiary showing thus falls far short of the stringent but-for-causation test. So, I grant the VA's motion for summary judgment, and I deny McDaniel's.

**D.     McDaniel's motion for sanctions**

McDaniel also moves for sanctions[43] against the VA for failing "to produce all documents

---

[39] *Id*.

[40] *Compare* ECF No. 77 at 18 (C22 document description) *with* ECF No. 77 at 27–32.

[41] ECF No. 77 at 18 (C21 document description).

[42] ECF No. 70-1 at 44–55.

[43] McDaniel doesn't say what kind of sanctions she wants, but based on the EEOC cases that she cites in her motion, it appears that she wants me to rule in her favor or draw an adverse inference of retaliation. ECF No. 67 at 4–5.

7

previously requested on September 13, 2016."[44] McDaniel argues that she should have received, among other things, "Qualification Determination Sheets" for all of the applicants for each of the two positions,[45] interview notes for Frank Erwin,[46] a rating guide for each position,[47] a resume for one applicant,[48] and rating documents and interview notes for another applicant.[49] The VA responds that it complied with the court's March 14, 2017, order to produce documents by producing a disk to McDaniel containing approximately 1,200 pages of documents.[50] And it represents that any requested documents that were not included on that disk (save the resume, which would be provided in a supplemental disclosure) simply do not exist.[51] The VA—in an off-the-cuff request buried in its response—then counter-moves for sanctions amounting to "at minimum, its reasonable costs and attorney[s'] fees in opposing this frivolous motion."[52]

The history of this discovery dispute reveals that is does not warrant sanctions for either side. McDaniel, apparently not content with the VA's production, emailed VA counsel notifying him that she was compiling a list of unreceived documents and that she would be filing a motion for sanctions.[53] The email conversation proves the VA's position: McDaniel was unwilling to

---

[44] ECF No. 67 at 1.

[45] ECF No. 69 at 2.

[46] ECF No. 67 at 4.

[47] *Id*. at 3.

[48] *Id*.

[49] *Id*.

[50] ECF No. 68 at 1–3.

[51] *Id*. at 6.

[52] *Id*. at 7.

[53] ECF No. 68-1 at 4–5.

meet and confer to try and settle the discovery dispute.[54] Magistrate Judge Leen reminded the parties to act reasonably and work with each other because she didn't want to go through another round of motion practice,[55] and Local Rule 26-7(c) requires a party to make a good-faith effort to meet and confer with the opposing party before filing a discovery motion and include a declaration detailing the results of the meet-and-confer conference before filing a motion for discovery.[56] Although McDaniel's motion is titled as one for sanctions, it is founded on the VA's alleged noncompliance with Judge Leen's discovery-production order. Because McDaniel complains that she did not receive various documents—documents that apparently do not exist—her motion is one for discovery clothed in sanctions garb. McDaniel was required to meet and confer with opposing counsel before filing this motion, and her failure to do so justifies my denial.

Although McDaniel is not a licensed attorney and is untrained in civil-litigation practice, she is not relieved of her obligation to comply with the rules and procedures of this court.[57] The VA's counsel reminded McDaniel of her obligation to meet and confer prior to filing this discovery motion, and McDaniel ignored him. Because McDaniel did not satisfy LR 26-7(c), I deny her motion for sanctions. I do not, however, award the VA reasonable attorneys' fees and costs for litigating this motion. The VA did not file a separate motion, did not identify in the caption that its opposition was also a countermotion for sanctions, and did not demonstrate an

---

[54] *Id.* at 2 (McDaniel stating that she had filed the motion for sanctions on March 29, 2017, even though opposing counsel emailed her at 8:33 a.m. on March 28, 2017, to try and set up a meet-and-confer appointment).

[55] *See* hearing recording at 10:38:55 and 10:40:25.

[56] L.R. 26-7(c).

[57] *King. v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

adequate basis for awarding sanctions.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that VA's motion for summary judgment **[ECF No. 72] is GRANTED.**

IT IS FURTHER ORDERED that McDaniel's motions for summary judgment **[ECF No. 70]** and sanctions **[ECF No. 67] are DENIED**.

The **Clerk of Court** is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

DATED: January 24, 2018.

_____
U.S. District Judge Jennifer A. Dorsey